SAMUEL WHARTON v. McFERRIN, MENIFEE et al.

**Wills — Construction of — Property over.**

A testator is deemed to have died intestate as to particular property not specifically alluded to by will, a *reversionary interest* of which had not been disposed of by any other clause of the will.

APPEAL FROM LOUISVILLE CHANCERY COURT.

December 6, 1865.

OPINION BY THE COURT:

Marshall Halbert died possessed of a large separate real estate in the city of Louisville, consisting of houses and lots in various streets and an insignificant joint real estate consisting of one lot on College street belonging to Marshall Halbert, etc.

By his last will he devised his dwelling to his wife in fee and gave her the rents and profits of certain other real estate during life, and devised the reversionary interest of this real estate to certain devisees, in fee, defeasible.

By the second clause of his will he devised the rents and profits of all the rest of his real estate to his mother, Mrs. Manzey,

during her life, and specifically devises the reversion of specified real estate to certain devisees, in fee, defeasible, "In the event that any of the persons named above, my wife excepted, should die without children or before they arrive at the age of twenty-one years then *I give the property so conveyed to them to the children of Isaac M. Halbert and Grace T. Halbert."*

Whilst it is evident that the testator intended to dispose of his whole estate it is equally apparent that this single lot of joint estate of small value on College street was overlooked, as no allusion by any kind of description is made to it; therefore, unless it passes by some general clause he must be deemed to have died intestate as to it, but it is contended that it passed for life to his mother under the second clause of the will, and then to the children of Isaac and George Halbert under the last clause. It is evident, however, that the last clause in the will conveys to the children of Isaac and George Halbert a *contingent remainder* depending on a *defeasible fee* to take effect upon the first devisee *dying without children or before arrival at twenty-one years of age.* Such a devise cannot convey an unconditional *reversionary interest,* which the testator had in all the real estate, the rents and profits of which he had devised for life to his mother, and, therefore, cannot operate as a conveyance of this College street lot, the *reversionary interest of which has not been disposed of by any other clause of the will.*

It results, therefore, that the testator's reversionary interest in said lot descended to his heir-at-law, and it being agreed that his mother was his sole heir her deed conveys the title.

This being the only defect set up in the title of McFerrin, Menefee, etc., and it being unavailable, their vendee should be compelled to accept their title and pay the purchase price, and the chancellor very properly so ordered. Wherefore, the judgment is affirmed.